

The government is directed to file a response, not to exceed four pages, no later than **March 17, 2026**.

SO ORDERED.

March 12, 2026

March 11, 2026

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re**:    *Robert F. Kennedy Human Rights v. United States Department of Homeland Security, et al., No. 25 Civ. 6541 (JMF)*

Dear Judge Furman:

Plaintiff respectfully submits this letter-motion to compel the Court-approved production schedule in this FOIA action.

On March 9, 2026, this Court *sua sponte* ordered the parties to file a joint letter updating the Court on the status of production within 7 days following the restoration of funding to the Department of Homeland Security (DHS). ECF No. 27. That same day, government counsel informed plaintiff's counsel that it interpreted the order to permit it to stay all processing and production of documents in this case for the duration of the lapse in funding.

Any claim that DHS's lapse in appropriations categorically makes compliance with FOIA deadlines permissible or impossible is belied by the facts and the law. In another FOIA matter pending in the Southern District of New York, DHS agency Customs and Border Protection (CBP) has continued to process and produce documents weeks after the lapse in appropriations. *See* Declaration of Anthony Enriquez Ex. 1 (Enriquez Decl.), at 4 (March 3, 2026 production letter from DHS agency Customs and Border Protection in *Robert F. Kennedy Human Rights et al. v. United States Department of Homeland Security, et. al.*, 25-cv-4349 (AS) (S.D.N.Y. filed May 22, 2025)). Recognizing that DHS has sufficient resources to comply with FOIA during the current lapse in appropriations, courts throughout the country have denied government motions for stays of FOIA processing and production.

Plaintiff therefore requests that this Court order the government to comply with the Court-approved production schedule in this FOIA action: processing and production of 700 pages monthly, to be made by the end of each month until processing is complete. *See* ECF No. 25. In the alternative, plaintiff requests that the Court order the government to show cause why it should not be held to that schedule.

I. **The Court should order continued processing because DHS has sufficient resources to comply with FOIA during the current lapse in appropriations.**

No record evidence shows that DHS lacks resources to comply with the Court-approved production schedule here due to the lapse in appropriations. Just the opposite. On March 3, 2026, weeks after the February 14 lapse in appropriations, DHS agency CBP delivered to plaintiff a FOIA production after processing 1080 pages. *See* Enriquez Decl. at 4. That production complied with Judge Subramanian's February 2, 2026 order to process 1000 pages per month. *See Robert F. Kennedy Human Rights et al. v. United States Department of Homeland Security, et. al.*, 25-cv-4349 (AS) (S.D.N.Y. filed May 22, 2025)), ECF No. 70. In other words, DHS and its subagency CBP continue to possess sufficient resources, weeks after the lapse in appropriations, to process and produce over 1000 documents, more than the 700 pages monthly at issue here.

The government initially attempted to stay this matter absent court order on February 24, 2026, proposing that the parties jointly submit a letter to the Court announcing an indefinite pause on all processing and production in light of the shutdown. *See* Enriquez Decl. at 6 (government email on Feb. 24, 2026 at 2:42 p.m.). When plaintiff did not consent, the government made clear it was declaring a stay, not requesting one. *Id.* at 6 (government email on Feb. 24, 2026 at 4:17 p.m.) ("No work on FOIA matters is permitted when the agency is shutdown."). It conceded that "DHS had been working on the production prior to the shutdown," but refused to provide even partial production. *Id.* at 7 (government email on Feb. 25, 2026 at 4:18 p.m.). Government counsel did not contend that DHS lacked sufficient resources to comply with FOIA obligations; only that it wouldn't.

On March 5, government counsel again sought plaintiff's consent on a proposed joint letter to the Court seeking a stay due to the lapse in appropriations, citing furloughs of employees within DHS and the Office for Civil Rights and Civil Liberties. Government counsel attached no evidence that DHS lacked resources to process the documents in this case or that employees of the Office for Civil Rights and Civil Liberties had ever been involved in processing. But Plaintiff had received a FOIA production from DHS agency CBP just two days earlier, contradicting the government's claims about its capacity. And the Deputy Chief Freedom of Information Act Officer for DHS's Privacy Officer has testified in another currently pending FOIA matter that the Office for Civil Rights and Civil Liberties plays no role at all in FOIA processing, and hasn't since before this case was filed in August 2025. *See Robert F. Kennedy Human Rights et al. v. United States Department of Homeland Security, et. al.*, 25-cv-4349 (AS) ((S.D.N.Y. filed May 22, 2025), Declaration of Catrina M. Pavlik-Keenan, ECF No. 42 (testifying that under February 2025 guidance, "DHS-FOIA would assume responsibility for all FOIA work that was being handled by offices located at DHS-HQ. . . . Accordingly, the management and operations of the FOIA office located within DHS-CRCL would be transferred to DHS-FOIA by March 31, 2025"). So claims that furloughs within the Office for Civil Rights and Civil Liberties affected production here were irrelevant at best, if not misleading.

The following day, on March 6, to contest the accuracy of the government's representations about its processing capacity, plaintiff's counsel requested a Word document version of the pdf proposed joint letter that government counsel had again sent that day. *Id.* at 12 (plaintiff Mar. 6,

2026 email at 12:11 p.m.). Plaintiff requested the government's response "by EOD [Friday] so we can draft appropriately for Monday." *Id.* Government counsel did not respond.

As a courtesy to government counsel, Plaintiff's counsel again requested the government's response on Monday, March 7, the deadline for the JSR that government counsel had proposed. Hours later, government counsel represented that "[w]e've been conferring with DHS and should be able to send you a draft JSR soon. We'll leave a space for you to insert plaintiff's position." *Id.* at 14 (government Mar. 8, 2026 email at 2:42 p.m.). But the government never sent a draft or otherwise communicated DHS's position.

Later that afternoon, this Court issued an order *sua sponte* by memo endorsement, requiring a joint status report 7 days after the restoration of funding. ECF No. 27. The Court's order did not stay any processing or production deadlines in this case. Plaintiff's counsel notified government counsel of his intention "to move to enforce the previously ordered production schedule, explaining that I was waiting for the government to submit its proposed letter update to me before doing so" and requesting "an ETA on the draft JSR you said you would be sending." Enriquez Decl. at 16 (plaintiff Mar. 9, 2026 email at 5:18 p.m.). Only then did the government reverse its previous weeks-long insistence on filing a JSR, declaring it would no longer do so and that "asking DHS to process documents during the shutdown is inconsistent with the spirit of Judge Furman's order, and we will presumably oppose the request if you make it." *Id.* at 18.

Whatever government counsel's intentions, the effect of its conduct has been to impose the stay it sought all along, absent motion to this court, evidence of the propriety of one, or any court order authorizing it.

## II.    This Court should join others that have ordered compliance with FOIA deadlines during the current lapse in DHS appropriations.

Multiple courts, including at least one in this district, have rejected the government's argument that a funding lapse categorically invalidates FOIA deadlines and denied its requests for stays during the current lapse in DHS appropriations. On March 10, 2025, Judge Schofield ordered Immigration and Customs Enforcement (ICE) to meet and confer with plaintiffs regarding searching and processing of records, set a briefing schedule for a motion for summary judgment, and further ordered DHS and ICE to make an employee available for testimony in its opposition to summary judgment purposes if the lapse in appropriations has not ended by the time its opposition is due. *See LatinoJustice PRLDF v. U.S. Immigration and Customs Enforcement*, 25-cv-816 (LGS) (S.D.N.Y. filed Oct. 15, 2025), ECF No. 50. On March 5, 2025, a District of Colombia district court denied DHS's motion for a stay and ordered ICE to search and collect potentially responsive records within 4 days. *See Democracy Forward Foundation v. U.S. Department of Homeland Security*, 1:25-cv-04089 (AHA) (D.D.C. filed Nov. 21, 2025). And on March 2, 2025, a Washington district court denied the government's request for "a stay of this litigation until funding is restored" upon assertions, without record evidence, that it "cannot meaningfully participate in this litigation, including the preparation of declarations, processing of FOIA records, or coordination with relevant program offices." *See University of Washington v. United States Department of Homeland Security et al.*, 2:24-cv-1872 (W.D. Wash. filed Nov. 24, 2024), Joint Status Report 2, ECF No. 31; *id.*, Minute Order denying stay, ECF No. 32.

In so holding, these courts conform with Executive Branch legal guidance that agencies must comply with court-ordered deadlines during a lapse in appropriations, despite the Anti-Deficiency Act's general prohibition on obligating funds in advance of appropriations or beyond appropriated levels. *See, e.g.*, U.S. Dep't of Just., FY2026 Contingency Plan, 2-3 (Sept. 29, 2025), https://perma.cc/4B3Q-H5S2; U.S. Dep't of Homeland Sec., Procedures Relating to a Lapse in Appropriations, 26 (Sept. 29, 2025), https://perma.cc/VYG3-FU44.

The rulings also properly hold the government to its burden to establish, with admissible evidence, the need for a stay of court-ordered deadlines. If the government takes the position in that it is not able to continue FOIA processing during the shutdown, it must support that position by record evidence specific to this action—not a blanket assertion. At a minimum, the government should be required to submit a sworn declaration explaining: (1) what processing work was performed between January 30, 2026 (the deadline of the prior production) and the shutdown on February 14; (2) what exceptions authorize continued FOIA work at DHS during the current lapse; (3) why the same exceptions that permitted CBP's March 3 production do not apply here; and (4) what resources exist that permit it to continue FOIA compliance in at least 3 other federal court matters, in addition to the March 3 CBP production it has completed after the lapse in appropriations.

For the foregoing reasons, plaintiff requests that this Court order the government to comply with the Court-approved production schedule of 700 pages monthly, to be made by the end of each month until processing is complete. In the alternative, plaintiff requests that the Court order the government to show cause why it should not be held to that schedule, requiring submission of admissible evidence showing the impossibility of doing so.

Respectfully,

 */s/ Anthony Enriquez*

Anthony Enriquez
Vice President, U.S. Advocacy and Litigation
Robert & Ethel Kennedy Human Rights Center
88 Pine Street, Suite 801
New York, NY 10005
*Counsel for Plaintiff*

cc (via ECF):  Counsel for Defendants

4