

March 18, 2026

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re**:    *Robert F. Kennedy Human Rights v. United States Department of Homeland Security, et al., No. 25 Civ. 6541 (JMF)*

Dear Judge Furman:

Plaintiff respectfully submits this reply to the government's letter-briefs, at ECF Nos. 30 and 31, opposing Plaintiff's motion to compel processing and production in accordance with this Court's order at ECF No. 25.

No case cited in the government's letter-briefs holds that a funding lapse transforms a court order into a nonjusticiable political question. This Court should not be the first to hold that it does.

Certain facts before this Court are clear.

- Four contractors are currently working at DHS-FOIA and they can process records already collected prior to the lapse, as the records here were. *See* Declaration of Catrina M. Pavlik-Keenan ¶ 10, ECF No. 30-1 (Pavlik-Keenan Decl).
- Prior to the lapse, DHS-FOIA had already completed processing of a portion of the previously collected records at issue here. *See* Declaration of Anthony Enriquez Ex. 4, at 10, ECF No. 28-1 (e-mail from government counsel stating that "DHS had been working on the production prior to the shutdown").
- According to the Department of Justice's settled legal interpretation, court-ordered deadlines "constitute express legal authorization for the [agency] activity to continue" during a lapse in appropriations. *See* U.S. Dep't of Just., FY2026 Contingency Plan, 2-3 (Sept. 29, 2025), https://perma.cc/4B3Q-H5S2.
- DHS Deputy Chief FOIA Officer Pavlik-Keenan is not furloughed, and her current excepted duties include functions that enable production of processed records: "oversight of contractor activities" and "responding to court-ordered deadlines." Pavlik-Keenan Decl. ¶ 4. She is, therefore, the official who can authorize the contractors currently processing records to release them—which is the only step the government claims is missing.

But other facts have not been disclosed to this Court. Neither of the government's letter-briefs informs this Court that, in addition to the CBP production mentioned, DHS had also previously done exactly what plaintiff moves to compel here. The day before its opposition in this case, the government submitted a joint status report in another FOIA matter on March 16, 2026, acknowledging that three days after the lapse in appropriations, "the DHS FOIA office was able to make a production on February 17 of already-processed records of the Department of Homeland Security's Office for Civil Rights and Civil Liberties." *See* Joint Status Report, *Robert F. Kennedy Human Rights et al. v. United States Department of Homeland Security, et. al*., 25-cv-4349 (AS) (S.D.N.Y.), ECF No. 71. The exceptions that authorized the February 17 production remain available now.

Nor does the government acknowledge that the *Democracy Forward* court did explicitly consider its Anti-Deficiency Act argument presented here. In addition to the government's own declaration citing the Act, the plaintiff in *Democracy Forward* opposed those arguments by presenting the court with legal authority that overrides the Act's general prohibition on agency activity during a lapse in appropriations. *See* Joint Status Report, at 6, *Democracy Forward Foundation v. U.S. Department of Homeland Security*, 1:25-cv-04089 (AHA) (D.D.C.), ECF No. 17 (citing DOJ legal guidance that compliance with court order is authorized during an appropriations lapse). So far from leaving the Anti-Deficiency Act argument unaddressed, the court's minute order necessarily squares with it, without the need to cite it.

Nor would a Court order compelling production here generate the constitutional crisis the government manufactures. As Officer Pavlik-Keenan's declaration makes clear, contractor and full-time staff at DHS are currently working on FOIA matters with approved exceptions to the Anti-Deficiency Act. So their work on processing and production here would not require any additional expenditure of government funds. The government has chosen not to use its available resources to avoid compliance with FOIA. But that is matter of will, not law.

Plaintiff therefore respectfully requests that this Court order continued processing and production of 700 pages monthly of documents already collected, to be made by the end of each month until processing is complete. At a minimum, plaintiff requests immediate production of documents already processed in the two-plus-week window between the government's last production on January 30 and the February 14 lapse.

Respectfully,

 /s/ Anthony Enriquez 

Anthony Enriquez
Vice President, U.S. Advocacy and Litigation
Robert & Ethel Kennedy Human Rights Center
88 Pine Street, Suite 801
New York, NY 10005
*Counsel for Plaintiff*

cc (via ECF): Counsel for Defendants

2